FILED IN CLERK'S OFFICE
U.S.D.C. Rome

NOV 0 5 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| LUKE WOODARD,<br><br>Plaintiff,<br><br>v.<br><br>TYLER DURHAM BROWN,<br>and ALTON RABOK PAYNE,<br>Defendants. | CIVIL ACTION FILE NO.<br><br>_____<br><br>4:08 CV- 178 -HLM |

## COMPLAINT

### I. INTRODUCTION

1. This action, under 42 U.S.C. § 1983, seeks a declaratory judgment that the detention of a person for carrying a firearm, when no suspicion of illegal conduct is reasonably articulable, is an unconstitutional seizure of the person, together with an appropriate injunction against future violations.

2. Plaintiff Luke Woodard also seeks a declaratory judgment that his arrest and the seizure of his property for carrying a concealed weapon and disorderly conduct, when in fact his weapon was not concealed and he engaged in no disorderly conduct, violated his Fourth Amendment right to be free from unreasonable

seizures. He also seeks an injunction against prosecuting him for his legal conduct, and damages resulting from his illegal arrest.

## II. JURISDICTION & VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. 1343.

4. Venue is proper because Defendants all are located in this District and in this Division, the events giving rise to this complaint occurred in this District and in this Division, and Plaintiff resides in this District.

## III. PARTIES

5. Plaintiff Luke Woodard is a resident of the State of Georgia and a citizen of the United States.

6. Defendant Tyler Durham Brown is a deputy of the Paulding County, Georgia Sheriff's Department.

7. Defendant Alton Rabok Payne is a deputy of the Paulding County, Georgia Sheriff's Department.

## IV. FACTUAL BACKGROUND

8. On May 12, 2008, at approximately 6 p.m., Plaintiff Woodard was at Scott's convenience store on Highway 101 outside Temple, Paulding County, Georgia.

9. Plaintiff Woodard purchased a series of lottery tickets at Scott's convenience store, returned to his vehicle in the parking lot of Scott's to scratch off the tickets, and returned to Scott's to redeem winning tickets for more tickets.

10. On May 12, 2008, Plaintiff Woodard had in his possession a valid Georgia firearms license ("GFL") issued pursuant to O.C.G.A. § 16-11-129.

11. At the time of the incident described in this Complaint, Plaintiff Woodard was openly carrying a firearm in the waistband of his pants, and Plaintiff Woodard was not wearing a shirt or other garment concealing the firearm.

12. While Plaintiff Woodard was at Scott's convenience store, Defendants Brown and Payne received a dispatch of a "man with a gun" at Scott's.

13. When Plaintiff Woodard finished his lottery ticket purchases, he got in his car and began driving out of the parking lot of the convenience store.

14. In response to the dispatch, Defendant Brown activated the blue lights of the marked sheriff's department patrol car he was driving.

15. Plaintiff Woodard stopped, and Defendant Brown ordered Plaintiff Woodard to hold his hands outside the car window.

16. Defendant Brown, at the time he made the stop, completely lacked any reasonable suspicion or probable cause to believe that Plaintiff Woodard was committing or was about to commit a crime.

17. Defendant Brown seized Plaintiff Woodard's side arm, an EAA Witness .45 caliber handgun, from the holster at Plaintiff Woodard's waistband and ordered Plaintiff Woodard to exit the vehicle.

18. Defendant Payne arrived on the scene as a backup officer while Defendant Brown and Plaintiff Woodard were standing outside Plaintiff Woodard's vehicle.

19. Plaintiff Woodard informed the deputies that there was a second firearm in a zippered case on the front passenger seat.

20. Defendant Payne seized the second firearm, a Browning 9 mm handgun.

21. After some discussion, and inspection of Plaintiff's Georgia firearms license, Defendant Brown arrested Plaintiff Woodard for carrying a concealed weapon and disorderly conduct, even though the firearm Plaintiff Woodard was carrying was clearly visible, even to witnesses across the street from Scott's, and even though no witnesses claimed to have seen Plaintiff Woodard engage in any conduct qualifying as "disorderly."

22. Defendant Brown did not observe any conduct qualifying as "disorderly."

23. Plaintiff Woodard's bond was set at $2,300 and he paid a bonding company fee to post his bond.

24. Plaintiff Woodard was incarcerated for approximately 24 hours.

25. After the incidents described in this Complaint, Plaintiff Woodard's GFL expired.

26. Until October 28, 2008, Plaintiff Woodard was unable to obtain a renewal GFL because he had a baseless charge pending against him for carrying a concealed weapon.

27. After arresting Plaintiff Woodard, Defendant Brown applied for warrants to arrest Plaintiff Woodard.

28. In his affidavit for a warrant on the charge of disorderly conduct, Defendant Brown testified, "Subject did commit offense of disorderly conduct when his action placed others in fear of receiving injury."

29. At the time of making his affidavit, Defendant Brown knew or should have known that Plaintiff Woodard did not act to place others in fear of receiving injury.

30. At the time of making his affidavit, Defendant Brown knew or should have known that the contents of his affidavit were insufficient as a matter of law to establish probable cause that Plaintiff Woodard had committed the offense of disorderly conduct.

31. In his affidavit for a warrant on the charge of carrying a concealed weapon, Defendant Brown testified, "Subject did commit the offense of Carrying Concealed Weapon by concealing a pistol in his waistband not in any type of holster or retention device."

32. At the time of making his affidavit, Defendant Brown knew or should have known that Plaintiff Woodard's pistol had not been concealed and had in fact been observed by witnesses across the street from Scott's.

33. On October 28, 2008, the Paulding County District Attorney dismissed the warrants against Plaintiff Woodard without filing an accusation or presentment to the grand jury.

34. Plaintiff Woodard intends to continue to exercise his right to carry firearms pursuant to the terms of his GFL, and he is in fear of harassment, arrest, and prosecution from Defendants.

## Count 1 — Violations of the Second, Fourth, and Fourteenth Amendment

35. By detaining Plaintiff Woodard in the absence of a reasonable and articulable suspicion that Plaintiff Woodard was committing or was about to commit a crime, Defendants violated Plaintiff Woodard's right to be free from unreasonable searches and seizures.

36. By seizing Plaintiff Woodard's EAA Witness without probable cause to believe it was contraband or evidence of a crime, Defendants violated Plaintiff Woodard's right to be free from unreasonable searches and seizures.

37. By arresting Plaintiff Woodard without the existence of probable cause objectively to believe that Plaintiff Woodard had committed a crime, Defendants violated Plaintiff Woodard's right to be free from unreasonable searches and seizures.

38. By arresting Plaintiff Woodard without the existence of probable cause objectively to believe that Plaintiff Woodard had committed a crime, Defendants made it impossible for Plaintiff Woodard to obtain a renewal GFL, thereby depriving him of his Second and Fourteenth Amendment rights to self defense.

39. By falsely, or recklessly in disregard for the truth, testifying on warrant applications, Defendant Brown deprived Plaintiff Woodard of his Fourteenth Amendment right to Due Process.

40. By testifying on warrant applications that Plaintiff Woodard had committed offenses when Defendant Brown knew or should have known that Plaintiff Woodard had not committed such offenses and that the warrant applications did not support a finding of probable cause of such offenses, Defendant Brown deprived Plaintiff Woodard of his Fourteenth Amendment right to Due Process.

## Count 2 – Violations of the Fourth Amendment by Defendant Payne

41. By seizing Plaintiff Woodard's Browning handgun without probable cause to believe it was contraband or evidence of a crime, Defendant Payne violated Plaintiff Woodard's right to be free from unreasonable searches and seizures.

## Prayer for Relief

Plaintiffs demand the following relief:

42. An injunction prohibiting Defendants from detaining anyone seen merely carrying a firearm, absent reasonable articulable suspicion or probable cause that a crime has occurred or is about to occur.

43. A declaration that Defendants Brown and Payne violated Plaintiff Woodard's Fourth Amendment rights by seizing his two firearms without probable cause to believe that each firearm was contraband or evidence of a crime.

44. A declaration that Defendants violated Plaintiff Woodard's civil rights.

45. Damages against Defendants for losses proximately caused to Plaintiff Woodard on account of Defendants' illegal arrest of Plaintiff Woodard and seize of Plaintiff Woodard's property.

46. Costs of bringing and maintaining this action, including reasonable attorney's fees.

47. A jury to try this case.

48. Any other relief the Court deems proper.

JOHN R. MONROE,

John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318
john.monroe1@earthlink.net