IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| LUKE WOODARD ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION FILE NO. |
| ) | 4:08-CV-178-HLM |
| TYLER DURHAM BROWN, and ) | |
| ALTON RABON PAYNE, ) | |
| ) | |
|     Defendants. ) | |
| ) | |

**DEFENDANTS' RESPONSES TO INITIAL DISCLOSURES**

COME NOW the Defendants in this action, and file this their Responses to Initial Disclosures as follows:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE:** Defendant Alton Rabon Payne was identified as Rabok in the Complaint; this was corrected in the Rules 16/26 Report.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's

contention.

**RESPONSE:** Not applicable.

(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**RESPONSE:** On May 12, 2008, at approximately 6 p.m., Plaintiff Woodard was at a convenience store in unincorporated Paulding County. He had on his person a .45 caliber firearm. Paulding County 911 received multiple calls regarding Plaintiff Woodard being at the convenience store with the firearm and acting in a manner that frightened several witnesses. Paulding County 911 dispatched deputies to the scene; Defendant Brown was the first deputy on scene. He arrived as Plaintiff Woodard was driving away. Defendant Brown, with his emergency lights activated, pulled behind Plaintiff and Plaintiff stopped his vehicle. The Chief of Police from a local municipality was in an unmarked vehicle on scene prior to Defendant Brown's arrival.

Defendant Brown located a .45 caliber firearm on Plaintiff Woodard. The weapon was concealed in a manner inconsistent with the laws of the State of Georgia. As Defendant Brown secured the weapon, Defendant Payne arrived on scene. Plaintiff advised the officers that he had another weapon in his vehicle. Defendant Payne located the second weapon and secured it. The Defendants asked Plaintiff several questions about the weapons and the Plaintiff produced a Georgia Firearms License.

The Defendants also interviewed several witnesses. Based upon the observations and information collected on scene, the Defendants had at least arguable probable cause for Plaintiff's arrest.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE:** Defendants regard such information as attorney work product, but generally respond as follows:

- 42 U.S.C. § 1983 and case law detailing the principle and parameters of qualified immunity;
- 42 U.S.C. § 1988;
- Fourth Amendment to the United States Constitution and interpretive case law;
- Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989);
- Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982);
- Malley v. Briggs, 475 U.S. 335, 341 (1986);
- Anderson v. Creighton, 483 U.S. 635, 640 (1987);
- Saucier v. Katz, 533 U.S. 194 (2001);
- Garrett v. Athens-Clarke County, Ga., 378 F.3d 1274 (11th Cir. 2004);
- Post v. City of Fort Lauderdale, 7 F.3d 1552, 1559 (11th Cir. 1993); and
- Official immunity.

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as **Attachment A**.)

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as **Attachment B**.)

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as **Attachment C**.)

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as **Attachment D**.)

**RESPONSE: Not applicable.**

(9) If Defendant(s) contends that some other person or legal entity is, in

- 5 -

whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

    **RESPONSE: Not applicable.**

(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as **Attachment E**.)

This 15th day of December, 2008.

                                        WILLIAMS, MORRIS & BLUM, LLC

                                        /s/ G. Kevin Morris
                                        G. KEVIN MORRIS
                                        Georgia Bar No. 523895

Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
678-541-0790
678-541-0789
kevin@tew-law.com

## ATTACHMENT A

- Plaintiff Luke Woodard

    - Defendants expect that Plaintiff will testify about the facts underlying the instant lawsuit.

- Defendant Tyler Brown
  Defendant A.R. Payne
  247 Industrial Way North
  Dallas, GA 30132

    - Defendants are expected to have information regarding their relation to the incident underlying Plaintiffs' Complaint

- Jason Johns
  238 Winter Road
  Temple, GA 30179

- Curtis Miller
  238 Winters Road
  Temple, GA 30179

- Vera Tenney
  216 Carlton Drive
  Rockmart, GA 30153

- Janice New
  191 Bill Road
  Dallas, GA 30157

- Cynthia Estes
  142 Majesty Dr.
  Rockmart, GA 30153

- Belinda Miller
  2775 Highway 101 N
  Dallas, GA 30157

    - Defendants believe that these witnesses will testify about the underlying events of this lawsuit.

- Chief Shirley
  217 Main St
  Hiram, GA

    - Defendants believe that these witnesses will testify about the underlying events of this lawsuit.

## **ATTACHMENT B**

Defendants have not yet identified any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.

## **ATTACHMENT C**

1. Incident Reports and Supplemental Reports regarding Plaintiff Woodard's arrest of May 12, 2008;

2. Booking documents regarding Plaintiff Woodard from May 12, 2008 until May 13, 2008, including medical screening, bonding documents, request for appointment of counsel, etc.;

3. Photograph(s) of Plaintiff Luke Woodard during booking;

4. Video of Plaintiff Luke Woodard's initial detention and subsequent arrest;

5. Witness Reports from Witnesses Johns, Tenney, Estes, Miller, New, Miller David Walker incident report dated March 21, 2003; and

6. Paulding County 911 Dispatch Audio from underlying incident.

## **ATTACHMENT E**

ACCG Membership Coverage Agreement will be made available for inspection and copying, as under Fed. R. Civ. P. 34.

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANTS' RESPONSES TO INITIAL DISCLOSURES** upon all parties electronically through the Court's CM/ECF system, as follows:

>John R. Monroe
>Attorney at Law
>9640 Coleman Road
>Roswell, Georgia 30076

This 15th day of December, 2008.

>/s/ G. Kevin Morris
>Georgia Bar No. 523895
>Attorney for Defendants

WILLIAMS, MORRIS & BLUM
Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
678-541-0790
678-541-0789
kevin@tew-law.com