IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Luke Woodard,

      Plaintiff,

v.

Tyler Durham Brown
and Alton Rabok Payne.

      Defendants.

CIVIL ACTION FILE
NO. 4:08-CV-178-HLM

## ORDER

This case is before the Court on Plaintiff's Motion for Reconsideration [32], and on Plaintiff's Notice of Abandonment of Certain Forms of Relief [34].

## I.    Procedural History

On July 22, 2009, the Court issued its Order on the parties' cross-Motions for Summary Judgment. (Order of July 22, 2009.) In that Order, the Court denied in part and

AO 72A

granted in part Defendants' Motion for Summary Judgment, and dismissed all of Plaintiff's claims seeking monetary damages. (Id. at 62.) On July 26, 2009, Plaintiff filed his Motion for Reconsideration. (Docket Entry No. 32.) On July 30, 2009, Defendants filed their response. (Docket Entry No. 33.) On August 10, 2009, Plaintiff filed his reply. (Docket Entry No. 35.)

The briefing schedule for this Motion is now complete, and the Court concludes that the issue is ripe for resolution.

## II.    Standard Governing Motions for Reconsideration

Courts have recognized that "reconsideration 'is an extraordinary remedy, to be employed sparingly.'" Colomar v. Mercy Hospital, Inc., 242 F.R.D. 671, 684 (S.D. Fla. 2007) (quoting Bautista v. Cruise Ships Catering & Serv.

Int'l, N.V., 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004), aff'd, 120 F. App'x 786 (11th Cir. 2004)).   The Local Rules provide that parties should not file motions for reconsideration as a matter of routine practice, but instead should file such motions only when "absolutely necessary." N.D. Ga. R. 7.1E.

"A motion for reconsideration is appropriate only where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Tatroe v. Cobb County, Ga., Civil Action No. 1:04-CV-1074-WSD, 2008 WL 361010, at *3 (N.D. Ga. Feb. 8, 2008).  "A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories

AO 72A

or evidence that could have been presented in the previously-filed motion." Id. (citing Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003)); see also Reid v. BMW of N. Am., 464 F. Supp. 2d 1267, 1270 (N.D. Ga. 2006) ("Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it 'could have done it better' the first time."). Additionally, "mere disagreement with the Court's conclusions is not enough" to justify granting reconsideration of an Order. Colomar, 242 F.R.D. at 684.

## III. Analysis

Plaintiff argues that the Court should reconsider its dismissal of Plaintiff's claims for monetary relief based on

4

his arrest for carrying a concealed weapon.    Plaintiff

contends that he suffered specific damages based on the

concealed weapon charge–specifically, a temporary denial

of Plaintiff's renewal Georgia Firearms License ("GFL").[1]

Plaintiff argues that because the Court determined that

Defendants had no arguable probable cause to arrest

---

[1]O.C.G.A. § 16-11-129 provides the method for obtaining a GFL.  Applicants must submit an application to the probate judge of the county in which the applicant is domiciled. O.C.G.A. § 16-11-129(a).  The statute further states: "No license or renewal license shall be granted to: (2) Any person. . .against whom proceedings are pending for any . . .violation of [the concealed weapon statute] Code Section 16-11-126. . . ."  O.C.G.A. § 16-11-129(b)(2).  The statute also provides an appeal process when an applicant is denied a GFL.  "When an eligible applicant who is a United States citizen fails to receive a license, temporary permit, or renewal license within the time period required by this Code section and the application or request has been properly filed, the applicant may bring an action in mandamus or other legal proceeding in order to obtain a license, temporary license, or renewal license, and such applicant shall be entitled to recover his or her costs in such action, including reasonable attorney's fees."  O.C.G.A. § 16-11-129(j).

AO 72A

Plaintiff for carrying a concealed weapon, Defendants are not entitled to qualified immunity for damages caused specifically by that charge.

Defendants argue several points in rebuttal, including: (1) arguable probable cause existed to arrest Plaintiff for disorderly conduct and Defendants therefore are entitled to qualified immunity for all monetary damages caused by that arrest; and (2) Plaintiff is not entitled to recover damages for a denial of his GFL because any right he may have had to obtain the GFL was a state right and not a federal right

6

protected by § 1983.[2] For the following reasons, the Court denies Plaintiff's Motion for Reconsideration.

First, the Court agrees with Defendants that Plaintiff has failed to cite to any case law that supports his contention that the Court's ruling on qualified immunity does not protect Defendants from all claims for monetary damages allegedly caused by Plaintiff's arrest, regardless of whether the alleged damages can be specifically attributed to the concealed weapon charge. The Court conducted its own research and was unable to find any case

---

[2]Defendants also argued that Plaintiff failed to cite to any new case law or facts that would warrant reconsideration. Because the Court did not address the issue of specific damages attributable to the concealed weapon charge in its Order of July 22, 2009, the Court concludes that a discussion of Plaintiff's substantive arguments is necessary to clarify the Court's July 22, 2009, Order regarding this issue.

AO 72A

law that supports Plaintiff's contention that the Court should allow damages claims allegedly caused by the concealed weapon charge to go forward after determining that arguable probable cause existed to support the disorderly conduct charge.  In fact, the case law is clear that the appropriate qualified immunity inquiry related to a claim for false arrest centers on the <u>entire</u> arrest and does not focus on <u>individual</u> charges.  See <u>Skop v. City of Atlanta</u>, 485 F.3d 1130, 1138 (11th Cir. 2007) (emphasis added) (stating "[i]f [o]fficer. . .possessed probable cause or arguable probable cause to arrest [defendant] for either [charge], he is entitled to qualified immunity"); <u>Stachel v. City of Cape Canaveral</u>, 51 F. Supp. 2d 1326, 1331 (M.D. Fla. 1999) ("The claim for false arrest does not cast its primary focus on the validity of

each individual charge; instead we focus on the validity of the arrest.  If there is probable cause for any of the charges made. . . then the arrest was supported by probable cause, and the claim for false arrest fails.") (quoting Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995)).  Indeed, once the Court makes a determination that a party is entitled to qualified immunity, the party "is immune not just from liability, but from suit. . . ." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1366 (11th Cir. 1998) (emphasis added).   If the Court adopted Plaintiff's interpretation of qualified immunity, Defendants would be forced to continue defending a case even after the Court determined that they were entitled to immunity. Additionally, Plaintiff's qualified immunity interpretation is contrary to the

AO 72A

settled case law that once a court makes a determination that a defendant is entitled to qualified immunity, the suit for damages against that defendant must be dismissed. The Court therefore rejects Plaintiff's argument that he should be able to go forward with damages claims for his arrest based solely on the concealed weapon charge.

Second, even if Plaintiff's claim for damages could go forward, Defendants are entirely correct that Plaintiff's damages claim based on the denial of his GFL is not an appropriate § 1983 claim. "Section 1983 alone creates no substantive rights; rather it provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989). While Plaintiff has a right to be

AO 72A

free from unlawful seizure under the Fourth Amendment to the United States Constitution, Plaintiff has not articulated that he has a federal right to be issued a GFL.[3] [4] Because Plaintiff's proposed damages claim relates only to a deprivation of rights guaranteed by state law, the Court concludes that even if that claim could go forward, § 1983 does not provide a remedy for those damages, and the Court would still dismiss Plaintiff's claim for damages related to the denial of his GFL. The Court consequently

---

[3]Additionally as discussed supra note 1, Georgia law provides a remedy for GFL applicants who want to challenge a denial of their GFL application. Applicants who are denied a GFL can bring an action in mandamus to obtain their GFL. O.C.G.A. § 16-11-129(j).

[4]Plaintiff cited to Camp v. Cason et al., Case No. 1:06-cv-1586-CAP, to support the proposition that Plaintiff has a federal right to a GFL. Plaintiff's citation, however, does not support his theory of a federal right to a GFL for purposes of § 1983. The plaintiff in Camp was not suing under § 1983, but instead sued under the federal Privacy Act, 5 U.S.C.A. § 22a, et seq. See Camp v. Cason, 220 Fed. Appx. 976 (11th Cir. 2007) (discussing nature of plaintiff's federal claims).

11

AO 72A

rejects Plaintiff's argument that he is entitled to damages for

the denial of his GFL.[5]

---

[5]Plaintiff also raised a number of other arguments in his reply brief in support of his Motion for Reconsideration. Most notably Plaintiff argued that his claim for damages for denial of his GFL was based on the Second and Fourteenth Amendment to the United States Constitution, and that it therefore survives a finding of qualified immunity based on Plaintiff's Fourth Amendment claims for false arrest. The Court, however, will not consider Plaintiff's new arguments for a number of reasons. First, the Court notes that Plaintiff did not raise any arguments related to the Second or Fourteenth Amendments in his initial brief in support of his Motion for Reconsideration. Arguments raised for the first time in a reply brief are considered waived. Wright v. United States, 139 F.3d 551, 553 (7th Cir. 1994); International Telecomm. Exch. Corp. v. MCI Telecomms. Corp., 892 F. Supp. 1520, 1531 (N.D. Ga. 1995). Second, the Court notes that Plaintiff did not raise any arguments based on the Second and Fourteenth Amendments in his Motion for Summary Judgment, and has cited to no intervening change in law or facts that would allow Plaintiff to raise these issues for the first time on a Motion for Reconsideration. As noted above, "[a] motion for reconsideration should not be used to present the Court with arguments. . . that could have been presented in the previously-filed motion." Tatroe, 2008 WL 361010, at *3. For those reasons, the Court will not consider Plaintiff's substantive arguments related to the Second and Fourteenth Amendments.

AO 72A

In sum, the Court concludes that Plaintiff's Motion for Reconsideration must be denied because it is contrary to the law regarding qualified immunity, and because Plaintiff's damages claim is not an appropriate § 1983 claim for damages.

The Court notes that Plaintiff filed a Notice of Abandonment of Certain Forms of Relief, in which Plaintiff stated his intention to abandon his claims for equitable relief. (Docket No. 34.) Because the Court has already dismissed Plaintiff's claims for monetary relief, Plaintiff's Notice of Abandonment effectively closes this case. However, because the Court did not consider the merits of Plaintiff's equitable claims, the Court will dismiss those claims without prejudice.

AO 72A

## IV.    Conclusion

ACCORDINGLY, the Court **DENIES** Plaintiff's Motion

for Reconsideration [32].  The Court **DISMISSES WITHOUT**

**PREJUDICE** Plaintiff's equitable claims, and **DIRECTS** the

Clerk to close this case.

IT IS SO ORDERED, this the 10 day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE

14